UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABDULLAH MUJAHID,<br><br>                 Plaintiff,<br><br>      v.<br><br>CATHI HARRIS, *et* al.,<br><br>                 Defendants. | CASE NO.  C09-5601RJB/JRC<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 11, 2010 |

       This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

       The underlying action concerns plaintiff's religious diet and Ramadan in 2009 and the defendants are the SCC food service manager and the chaplain.  Before the court is plaintiff's motion asking that SCC make special arrangements for his copying so that his documents are not left in the mailroom overnight where they might be read by staff (Dkt. # 23).  Plaintiff requests the court to order the staff in his living unit to make copies for him on a copy machine in the unit while he waits (Dkt. # 23).

REPORT AND
RECOMMENDATION - 1

Defendants have responded and object to the motion that they consider as a motion for injunctive relief (Dkt. # 26). Defendants argue the injunction is improper because the SCC and mailroom are not parties to this action. Defendants also address the motion on the merits (Dkt. # 26).

The motion should be denied because plaintiff fails to show any injury, the motion is only tangentially related to the issues in this action, and plaintiff fails to meet the basic prerequisites for injunctive relief, irreparable injury and lack of another remedy.

### STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

### DISCUSSION

A.  *Parties against whom an injunction can be issued.*

Fed. R. Civ. P. 65 (d)(2) outlines whom an injunction can be issued against. The list includes the parties, the party's officers, agents, servants, employees, and attorneys, and other

REPORT AND
RECOMMENDATION - 2

persons who are in active concert or participation with anyone described above. The court believes the SCC acts in concert with its employees and could be bound by an injunction.

This does not mean that an injunction is proper when the actions of non parties are at issue. Plaintiff did not raise any issues regarding copying the complaint. The court should not intentionally or unwittingly predetermine a claim plaintiff may have against a non-party by considering plaintiff's requested motion. The court will address the motion on the merits in the alternative.

B.    *Irreparable injury, the public interest, and the balance of hardships.*

Plaintiff fails to show any injury. While he complains that his documents are submitted to the mailroom, and are therefore are out of his "view and supervision," he fails to show that the documents are being improperly read (Dkt. # 23). Of course, SCC officials are able to scan the documents to determine if they are, in fact, legal documents that should be copied. Plaintiff's alleged injury is speculative at best. The threat of injury must be real and immediate, not based on speculation. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). Further, as defendants note, plaintiff has the option of sending his documents out for copying and filing if the contents are truly confidential (Dkt. # 26, page 4). Documents plaintiff sent out could then be sent back as legal mail if they qualify for that protection under policy. The court notes that once the documents are filed in court they are a matter of public record.

The court assumes that persons working in plaintiff's unit have other normal job functions and that the SCC would seek payment for copies. The public interest does not support the issuing of an injunction as plaintiff is asking that staff working in his unit stop their normal job functions to deal with legal copy requests. This would pull these unit staff from their normal job activities while they perform the job the mailroom is now doing. This would involve

REPORT AND
RECOMMENDATION - 3

scanning the documents to ensure they are legal papers that need to be copied, making the copies, filling out the forms associated with the copying of these documents. Further, unit staff would also need to contact the accounting area to make sure a resident could pay for the copies being requested before they began the process. Clearly the public interest does not support the granting of an injunction under these circumstances.

The balance of hardships in this case does not favor the granting of an injunction. Plaintiff fails to show his documents are being mishandled, he has other avenues available to make copies, and his proposed solution takes staff from their normal job duties. The motion should be DENIED.

## CONCLUSION

This motion involves a claim that is not part of the complaint. The court may choose not to consider the motion on that ground alone. In the alternative, plaintiff fails to meet the basic prerequisites for injunctive relief in this case. His motion should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have fourteen days (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 11 2010, as noted in the caption.

Dated this 17th day of May, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 4